UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-00684-SVW (SK) | Date | April 16, 2020 |
| Title | Jose Lozano v. John Doe 1 et al. | | |

Present: The Honorable    Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

Attorneys Present for Plaintiff:           Attorneys Present for Defendants:

None present                                          None present

**Proceedings:**      (IN CHAMBERS) **CASE MANAGEMENT ORDER**

In February 2020, Plaintiff filed a complaint in state court against Riverside County and some of its Deputy Sheriffs. He sued under both state and federal law for alleged civil rights violations stemming from his arrest in November 2019 and related criminal proceedings afterwards. In April 2020, Defendants removed the action to federal court and moved to dismiss the complaint. (ECF 1, 7). Soon after, Plaintiff filed a motion to remand the action to state court, arguing that his state law claims are enough to defeat removal. (ECF 9). He also lodged a First Amended Complaint ("FAC") that identifies previous Doe Defendants but still asserts similar civil rights claims under both state and federal law. (*Id.*). This order addresses both pending motions but is not intended to be dispositive.[1] Instead, the purpose of this order is to expedite the disposition of this action and discourage wasteful pretrial activities. *See* Fed. R. Civ. P. 16(a)(1), (3).

At the outset, contrary to Plaintiff's argument (ECF 9 at 2-3), the Court is not divested of subject matter jurisdiction simply because he alleges state law claims along with his federal claims under 42 U.S.C. § 1983. "A civil action brought in a state court which contains both federal and state law claims may be removed to federal court because the federal court's jurisdiction derives from the federal claims." *Bradford v. Minh Voong*, 2017 WL 5991861, at *2 (N.D. Cal. Dec. 4, 2017) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997)).

Plaintiff may renew the motion to remand, however, if he voluntarily dismisses his federal law claims. With no pending federal law claims, the Court can decline to exercise supplemental jurisdiction over the remaining state law claims and remand the action to state court if that is Plaintiff's preferred forum. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)).

---

[1] If either party believes this order is dispositive, they must object within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00684-SVW (SK) | Date | April 16, 2020 |
|---|---|---|---|
| Title | Jose Lozano v. John Doe 1 et al. | | |

In the meantime, because the Court must construe pro se pleadings liberally in the interests of justice, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court construes the lodging of the FAC to be Plaintiff's effort to file an amended complaint superseding the original complaint filed in state court. In federal court, Plaintiff may amend his complaint "once as a matter of course" within 21 days of any motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Because the FAC was constructively filed on April 13, 2020, which is 4 days after Defendants' motion to dismiss was filed, it may be construed as an amended complaint under Rule 15(a)(1)(B). So construed, the FAC is ordered filed in this action as of April 13, 2020.

Finally, because the FAC is now the operative complaint, Defendants' motion to dismiss the original complaint is rendered moot. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants may, however, file a new motion to dismiss the FAC. *See* Fed. R. Civ. P. 15(a)(3).

For all these reasons, the Court enters the following orders under Rule 16:

1. Plaintiff's motion to remand this action to state court (ECF 9) is denied without prejudice. Within 14 days of this order, Plaintiff may voluntarily dismiss **all** his federal claims using the attached Form CV-09 and file a renewed motion to remand to state court based on the remaining state law claims. Defendants must oppose any renewed motion to remand (or file a statement of non-opposition) within 14 days of its filing. No reply by Plaintiff may be filed unless ordered by the Court.

2. Defendants' motion to dismiss the original complaint (ECF 7) is denied as moot without prejudice. If Plaintiff files no notice of voluntarily dismissal and a renewed motion to remand within 14 days of this order, Defendants must either answer or move to dismiss the FAC within 14 days of the expiration of the time allowed for Plaintiff to file such notice and motion. Plaintiff must oppose any motion to dismiss within 21 days of its filing, and Defendants may file an optional reply within 7 days of receipt of Plaintiff's opposition. The failure to timely oppose the motion to dismiss may be deemed Plaintiff's consent to the granting of the motion. *See* L.R. 7-12.

**IT IS SO ORDERED.**