# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOZANO,<br><br>               Plaintiff,<br><br>     v.<br><br>JOHN DOE 1 et al.,<br><br>              Defendants. | Case No. 5:20-cv-00684-SVW (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS** |

    In accordance with 28 U.S.C. § 636, the Court has reviewed the assigned Magistrate Judge's Report and Recommendation to dismiss Plaintiff's first amended complaint in part only.  The Court has also completed its de novo review of those portions of the Report and Recommendation to which Defendants have objected.  The Court finds that those objections lack merit.

    First, whether Plaintiff was unlawfully arrested at his home without a warrant for violating a local noise ordinance cannot be resolved on the face of the complaint as a matter of law.  Taken as true and liberally construed, Plaintiff's material allegations plausibly allege that his warrantless arrest took place in the curtilage of his home (ECF 13 at 4, 8), thereby requiring exigent circumstances to be lawful under the Fourth Amendment.  *See United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010); *United States v. Johnson*, 256 F.3d 895, 912 (9th Cir. 2001).

    Second, whether extraordinary circumstances prevented Plaintiff from obtaining a probable cause hearing within 48 hours of his arrest is also a

disputed fact appropriate only for possible decision on summary judgment. Again, taken as true and construed in the light most favorable to Plaintiff, his allegation that Defendants caused him to be jailed for three days without a prompt hearing before a judicial officer (ECF 13 at 5-6, 9) is enough to state a plausible claim under the Fourth Amendment.

Third and last, Plaintiff's complaint is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's constitutional claims do not rest on any alleged lack of probable cause to arrest under the Fourth Amendment. Instead, liberally construed, they allege that his warrantless arrest was unlawful because police had no exigent circumstances to arrest him at his home or within its curtilage. As a result, Plaintiff can win his particular Fourth Amendment claims without casting any doubt on his misdemeanor conviction for violating Riverside County's noise ordinance.

For all these reasons, the Court concurs with and accepts the findings, conclusions, and recommendations of the assigned Magistrate Judge. Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, as set forth in the Report and Recommendation. The individual Defendants, in their personal capacities only, must answer the two surviving Fourth Amendment claims in the first amended complaint (as construed in the Report and Recommendation) within 14 days of this order. *See* Fed. R. Civ. P. 12(a)(4)(A). The case remains referred to the assigned Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

DATED:  October 23, 2020

STEPHEN V. WILSON
U.S. DISTRICT JUDGE